HARE v. MAHONY.

*(Supreme Court, General Term, First Department. April 17, 1891.)*

1. REVIEW ON APPEAL—CONFLICTING EVIDENCE.

   In an action for breach of contract in dismissing plaintiff from defendant's employment, where the parties were the only witnesses, and their testimony was contradictory, a verdict for plaintiff could not be reviewed on appeal.

2. CROSS-EXAMINATION—PLEADING.

   On cross-examination of a defendant testifying in his own behalf to the terms of the contract on which suit is brought, his attention may properly be called to allegations in his answer which conflict with his testimony. It is not ground for objection thereto that he verified the answer by advice of counsel, and did not state therein his specific understanding of the contract.

3. EVIDENCE—COMPETENCY.

   Where, in an action for breach of a contract of employment in dismissing plaintiff, defendant alleges and attempts to show plaintiff's incompetency as a justification for discharging him, plaintiff may show by witnesses knowing his qualifications that he was capable of performing the work satisfactorily.

4. TRIAL—RULINGS ON EVIDENCE.

   It is optional with the court whether to strike out an answer by a witness, pertinent in itself, because not responsive to the question asked.

Appeal from circuit court, New York county.

Action by Utley Hare against Michael Mahony. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Warren, Patterson & Gambell, (Orin Gambell,* of counsel,) for appellant. *Hastings & Gleason, (George S. Hastings,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for the breach of a contract of employment. The complaint alleged that in August, 1888, the plaintiff was employed by the defendant as the manager of the branch of his business in New York for the period of one year at an annual salary of $2,000. The plaintiff entered upon the employment, and faithfully discharged the duties thereof, but without cause was wrongfully discharged in December, 1888; that thereafter he tendered his services, and was ready to perform the agreement on his part, but such services were refused, and damages for such wrongful discharge were claimed. The answer admitted the employment, but alleged that defendant took the plaintiff on trial, and that the employment was in any event to terminate on the 1st of April, 1889, and that it was conditioned upon the work and business being conducted by the plaintiff in a manner satisfactory to the defendant, and that by the terms of the contract he had a right to discharge the plaintiff

at any time, and that he discharged the plaintiff because his services were not satisfactory. The only witnesses examined in regard to the contract itself were the plaintiff and defendant. Other witnesses were examined in regard to the services which were rendered by the plaintiff, and the defendant attempted to show that the plaintiff was incapable of carrying out his part of the contract because of his incompetency and want of knowledge of the business. The court, in submitting the case to the jury, called their attention to the claims made by the parties, and correctly charged as to the burden of proof, and no exception was taken to any part of the charge. The appellant, in his points, seems to present the case on this appeal as though this court were the jury, and that upon this conflict of evidence the verdict of the jury would be set aside because in his judgment they should have found otherwise. The difficulty with this position is that the verdict of the jury is conclusive upon the question of fact unless it is against the weight of evidence, and there is nothing in the case at bar, as far as the terms of the contract are concerned, except the evidence of the plaintiff and the defendant, each contradicting the other; and it is apparent that the jury believed the plaintiff, as they had a right to do. This court cannot review the verdict of the jury, as it is conclusive, as already stated. Most of the questions of law attempted to be presented upon the points are upon the assumption that the defendant's version of the nature and character of the contract was the true one, whereas the jury have expressly found to the contrary. Our attention is called to one or two exceptions to evidence which it may be necessary and proper to consider. During the course of the cross-examination of the defendant his attention was called to the allegations in the answer which it was claimed were in conflict with the evidence which he gave upon the stand. This method of examination was objected to, and an exception taken, and it is claimed to be error because, as the appellant's counsel states, the allegation in the answer had no necessary connection with the contract with the plaintiff, when the very allegation to which attention was called was an allegation of what the contract with the plaintiff was. The learned counsel says the defendant verified the answer by advice of counsel, but he did not thereby state his specific understanding of the contract. Certainly, if the defendant verified an answer which was untrue by advice of counsel, it was a matter which would naturally tend to affect his credibility; and if he did not attempt to state his specific understanding of the contract by these allegations in the answer, it is impossible to imagine for what purpose they were put there. We cannot conceive how advice of counsel can shield a party where erroneous allegations of fact are contained in a pleading, nor what office an allegation in a pleading conserves, unless it is the statement of a claim or defense as the party swearing to the pleading understands it. Exception was taken to some evidence of one the witnesses who was examined on the part of the plaintiff. The witness had employed the plaintiff in the same line of business in which the defendant employed him, and was asked whether the work had been satisfactory or unsatisfactory, and his answer was that it was perfectly satisfactory. Attempts had been made on the part of the defendant to show that the plaintiff was incompetent, and did not know anything about his business, and consequently he was justified in discharging him; and in reply to this evidence the plaintiff had a right to show by people who knew what his qualifications were that he was capable of performing such work satisfactorily. The refusal to strike out the plaintiff's evidence, because not responsive to the question asked, is no ground of error. It was entirely optional with the court to strike out an irresponsive answer. The answer was pertinent in itself, and merely because it was irresponsive gave no absolute right upon the part of the defendant to have it expunged from the record. There seems to be nothing whatever in this case to justify a reversal, and the judgment and order appealed from should be affirmed, with costs.