JOHANNA LANE, RESPONDENT, *v.* PETER A. YOUNG AND
ANOTHER, APPELLANTS.

*Justices' Court — question of title in an action for rent, where the plaintiff claims as
heir of a deceased lessor and the lessee denies that the lessor was the owner.*

Although a lessee in possession is estopped from denying his lessor's title at the
time of the letting, he may show, as a defense to an action for rent by one
claiming as heir of the deceased lessor, that the lessor's title expired after the
lessee's entry into possession under the lease, and that, consequently, the plaintiff
took no title, as heir, at the lessor's death.

Hence where, in an action in a Justice's Court for rent, the plaintiff alleges in his
complaint and gives evidence showing that he is the heir of the deceased lessor,
and that the lessor was owner of the premises at the time of his death, and the
defendant thereupon gives notice that he disputes the fact that the lessor was
owner at the time of his death, the title to real estate comes in question upon
the plaintiff's own showing, and it is, consequently, under section 2956 of the
Code of Civil Procedure, the duty of the justice to dismiss the complaint and
render judgment against the plaintiff.

This is so, although the plaintiff also alleges attornment to himself, and might have
been able to make out a case under such allegation, but chooses to proceed
before the justice under the other allegation of his complaint, and gives evidence
tending to prove that he has succeeded to the title, as heir of the original lessor,
the defendant being entitled to try that question, if at all, before a court having
jurisdiction thereof.

APPEAL by defendants, Peter A. Young and William F. Clancy,
from a judgment of the County Court of Cattaraugus county, entered
in the office of the clerk of that county on the 14th day of July,
1892, reversing a judgment, in favor of the defendants, of a justice
of the peace of the town of Olean.

*M. B. Jewell,* for the appellants

*H. Donnelly,* for the respondent.

DWIGHT, P. J.:

The action was for rent. Issue was joined in the Justice's Court
by written pleadings. The complaint alleged that one John S.
Lane, in his lifetime, rented the premises to the defendants at a
monthly rental which they agreed to pay in advance on the first
day of each month from August 1, 1889; that on the 3d day of
November, 1889, the lessor died intestate, leaving the plaintiff his

only heir-at-law ; that, since his death, the defendants had paid the rent accruing to the plaintiff, except the balance due, for which this action was brought. The answer was a general denial and a plea of payment.

On the trial the plaintiff produced one Cornelius Lane as a witness, who testified that the deceased, John S. Lane, was a son of the plaintiff ; that he died November 3, 1889, leaving no wife or children ; that, since his death, the witness had collected the rent from the defendants for the plaintiff ; and, under the defendants' objection, that John S. Lane was the owner of the premises at the time of his death. At this point the defendants gave notice that they disputed that John S. Lane was the owner of the premises at the time of his death, and thereupon moved that the complaint be dismissed on the ground that the title to real property was in question on the plaintiff's own showing, and that the title was disputed by the defendants. The justice granted the motion, the complaint was dismissed, and judgment was entered accordingly, from which the plaintiff appealed to the County Court. That court reversed the judgment of the justice, and from its judgment this appeal was taken.

We think the complaint was properly dismissed, and that the reversal of the judgment of the justice was error. The complaint made a case in which the defendants were estopped to deny the title of the deceased, John S. Lane, at the time of the letting, and in which — that title being presumed to continue until the contrary was shown — the plaintiff had succeeded thereto by descent. The complaint also contained allegations to the effect that the defendants had attorned to her, and were thus estopped to deny her own title. Both of these allegations were denied by the answer, and the plaintiff might recover upon establishing either.

Under the former of the two allegations, viz., that the plaintiff has succeeded to the title of her deceased son, it was necessary that it should appear, either by direct proof or by implication, that title was in the son at the time of his death ; and this it was which the defendants proposed to dispute ; and this they were entitled to dispute. They admitted the title of their lessor, at the time, by entering into possession under a lease from him, and they are estopped to deny what they have thus admitted. But the estoppel goes no

further. (*Jackson* v. *Rowland*, 6 Wend., 670; *Despard* v. *Walbridge*, 15 N. Y., 374; *Hilbourn* v. *Fogg*, 99 Mass., 11.) In the first of these cases the court says: "A tenant cannot dispute the title of the landlord so long as it remains as it was at the time the tenancy commenced, but he may show that the title under which he entered has expired or been extinguished." In the Massachusetts case the court, in an opinion by Justice GRAY, says: "The well-settled rule of law by which a tenant, who has entered into possession under an oral lease, is estopped, so long as he continues in possession under the lease, to deny the lessor's title at the time of making the lease, as against the lessor, his heirs and assigns, is founded on the injustice of allowing a person who has obtained possession by admitting the title of another to deny that title, and, in case of failure in proof of it to hold the premises himself. The rule * * * applies in every form of action by which the lessor may seek to assert the rights reserved or promised to him in his lease. But it is equally well settled that the tenant is not estopped to deny that since his own entry into possession his lessor's title has expired, either by its own limitation, by the act of the lessor or by eviction by title paramount, and that when the estoppel is set up by one claiming as assignee of the lessor the tenant may show that such assignment was ineffectual to pass the lessors's title." To this proposition Judge GRAY cites, among other authorities, the case of *Despard* v. *Walbridge* (*supra*).

In that case Judge SELDEN quotes the language of the court (as above) in *Jackson* v. *Rowland*, and himself states the rule limiting the estoppel in the words "the tenant can be estopped from denying only what he has once admitted.

The defendants in this case, therefore, were not estopped to deny that the title of their lessor, which they admitted when they entered into possession under a lease from him, either expired by its own limitation, if it was a limited title, or was alienated by himself, or extinguished under a paramount title, in his lifetime, and after their entry as lessees; in either of which cases the plaintiff would take no title, as heir, at his death. For the defendants to dispute the title of the lessor at the time of his death was only a mode of disputing the title of the plaintiff at the time of the commencement of the action, which was within the issues joined by the pleadings.

The case seems, therefore, to have been brought distinctly within the provisions of section 2956 of the Code of Civil Procedure, viz., where it appeared, from the plaintiff's own showing on the trial, that the title to real estate was in question, and the title was disputed by the defendants. Such being the case, it was the duty of the justice to dismiss the complaint as he did, and render judgment against the plaintiff accordingly.

The fact that, possibly, the plaintiff might have made a case under her allegation of attornment to herself by the defendants, did not change the duty of the justice. The plaintiff chose to proceed under the other allegations of her complaint, and give evidence tending to show that she had succeeded to the title as heir of her son, and the defendants had a right to try that question, if at all, before a court having jurisdiction.

The judgment of the County Court should be reversed, and that of the justice affirmed.

MACOMBER and LEWIS, JJ., concurred.

Judgment of the County Court of Cattaragus county appealed from reversed, and that of the justice of the peace affirmed, with costs in this court and in the County Court.