ANNIE DEUTSCHMANN, Appellant, *v.* THE THIRD AVENUE RAILROAD COMPANY, Respondent.

*Evidence — a physician called to testify by his patient may be impeached by a certificate given by him — where he testifies positively as to his patient's identity and that the certificate did not relate to her case, proof as to his business methods is incompetent — what testimony of a physician is not incompetent under section 834 of the Code of Civil Procedure — effect of an objection that it is "incompetent, irrelevant and immaterial" — a druggist may testify that he filled a certain prescription — charge as to the inference to be drawn from an objection by the patient to her physician's testimony — charge as to the physician's incapacity to testify.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, the defendant contended that the injuries suffered by the plaintiff were not the result of any occurrence for which the defendant was responsible, but were the result of a disease with which the plaintiff was afflicted.

It was not controverted but that some person bearing a name, in most respects similar to that of the plaintiff, had been afflicted with the disease in question and had been treated by physicians for that disease.

The plaintiff, whose name was Annie Deutschmann, claimed that the person thus afflicted with the disease was not herself, but one " Anna " Deutschmann.

One Dr. Kolb, a physician who had attended the plaintiff, was called by her and testified, the plaintiff having waived the question of privilege, concerning the plaintiff's physical condition, her ailments and the causes thereof.   Upon cross‑examination the defendant exhibited to Dr. Kolb a certificate which he admitted to be in his handwriting, in which he certified that "Mrs. Anna Deutschmann" was suffering from the disease in question.   The plaintiff's attorney objected to the admission of the certificate in evidence upon the ground that it was incompetent, irrelevant and immaterial, but stated that he did not object to its admission if Dr. Kolb would say that it referred to the plaintiff.   The court overruled the objection and admitted the certificate in evidence.

Upon his redirect examination Dr. Kolb testified that the statement did not refer to the plaintiff, that he did not know to whom it did refer, that he could not remember the circumstances under which he made it, but that he knew that the plaintiff never had the disease in question.

Other evidence was given during the course of the trial which tended to identify the plaintiff as the same person who had been treated for the disease in question.

*Held*, that the certificate was competent in evidence for the purpose of impeaching the doctor's credibility;

That Dr. Kolb having claimed to have absolute knowledge as to whether or not the certificate concerned the plaintiff, the latter was not entitled, in order to explain the giving of the certificate by Dr. Kolb, to prove that he did not keep records of cash patients and that men and women called to consult him and received prescriptions of which he made no record, and that persons suffering from the disease in question frequently gave fictitious names;

That testimony given by a physician, that he was acquainted with the plaintiff and had attended her professionally at his office and in her house for a certain period, was not incompetent under section 834 of the Code of Civil Procedure, as the testimony did not disclose any information which the plaintiff communicated to the witness in his professional capacity or which was necessary to enable him to act in that capacity.

That, even if it was improper under section 834 of the Code of Civil Procedure to permit the last-mentioned physician to identify, as being in his handwriting, papers, which, it subsequently appeared, were prescriptions which he had delivered to the plaintiff, the plaintiff having objected to such testimony solely on the ground that it was incompetent, irrelevant and immaterial, the reception of the testimony did not constitute error;

That the prohibition contained in section 834 of the Code of Civil Procedure does not prevent a druggist from identifying prescriptions filled by him and the person for whom he had filled them;

That the court properly refused to charge that no inference unfavorable to the plaintiff or to her cause of action could be drawn because of her failure to waive her privilege under section 834 of the Code of Civil Procedure;

That a request to charge, "Under the law, communications from a patient to a physician are privileged and cannot be given in testimony, except that the privilege be waived," was too broad, as the statute only prohibits the physician from disclosing confidential information acquired in attending a patient, where the relation of patient and physician is established and when the information was necessary to enable him to act in that capacity.

APPEAL by the plaintiff, Annie Deutschmann, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of May, 1903, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of June, 1903, denying the plaintiff's motion for a new trial made upon the minutes.

*Thomas P. Wickes*, for the appellant.

*Charles F. Brown*, for the respondent.

HATCH, J.:

The plaintiff claimed to have received injuries while attempting to board one of the defendant's cars, and by this action seeks to recover damages for such injuries and the consequences resulting to herself therefrom. It is not necessary to discuss the evidence offered in the case, except so far as the same is required to make disposition of the errors claimed to have been committed by the court upon the trial. The evidence given upon the trial was conflicting; that offered by the plaintiff tending to support the averments of her complaint and that offered by the defendant tending to contradict the same and to show that the plaintiff did not meet with any accident and that she received no injuries upon the occasion of which she made complaint. The evidence required a submission of the question of fact to the jury and the verdict in favor of the defendant has support in the evidence and must be sustained, unless some error was committed which calls for a reversal of the judgment. It was shown upon the trial that the plaintiff was pregnant at the time the alleged accident was claimed to have happened and that shortly thereafter she sustained a miscarriage, which she now contends was produced by the injuries which she received, and that as a further consequence of such injuries she had

several subsequent miscarriages and finally was compelled to undergo a surgical operation for the removal of her ovaries, which has resulted in rendering her sterile. The evidence offered by the defendant tended to show not only that no accident happened and that no injuries were received, but that the suffering which plaintiff underwent and the consequent surgical operation were due to the fact that she was afflicted with secret disease and that such disease was the responsible factor in all her troubles. The evidence presented the issue as to whether the plaintiff had this disease. It was not controverted but that some person of a name in most respects similar to hers had been afflicted with this disease and had been treated by physicians for it. That was the issue tendered by the defendant, and the plaintiff controverted it by giving evidence tending to show that the person referred to was "Anna" Deutschmann, and not "Annie," the plaintiff herein. The plaintiff called as a witness, for the purpose of showing the nature and extent of the injuries received by her and of the consequent results which flowed therefrom, Dr. Kolb, a physician who attended the plaintiff at the time of her first miscarriage. He was examined by the plaintiff and disclosed fully in his testimony the physical condition of the plaintiff, the ailments and the complaints from which she suffered and the cause thereof, the plaintiff waiving in every respect as to him any privilege which might have been insisted upon under section 834 of the Code of Civil Procedure. Upon cross-examination the defendant sought to show that the miscarriage and the physical condition which subsequently required the surgical operation were such as might have been produced by secret disease; and as bearing thereon and in connection with the doctor's testimony of his treatment there was exhibited a written paper, and he was asked if it was not in his handwriting, to which he gave an affirmative answer. The defendant then offered the writing in evidence; the plaintiff's attorney objected upon the ground that it was incompetent, irrelevant and immaterial, and accompanied his objection with the statement that he would not object to it if the physician would say that it referred to this case, and if it did not refer to it it was of no consequence. The court overruled the objection, admitted the paper, and the plaintiff excepted. It reads as follows:

" H. Kolb, M. D.,

" 356 West 42d Street          New York, *May 1st*, 1900.

" This is to certify that Mrs. Anna Deutschmann has been sick with syphilis and under my treatment during the last three years; manifested by various syphylitic skin eruptions, glandular enlargements, sore mouth (syphylitic) and throat, also has had several miscarriages due to same cause.

                                                " H. KOLB, M. D."

Upon redirect examination the physician testified that the statement did not refer to the plaintiff; that he did not know to whom it referred; could not remember the circumstances of making it, but that he knew that the plaintiff had never had syphilis. This presents one of the asserted errors relied upon on this appeal. We think the certificate was properly received. There was evidence given in the course of the trial tending to identify the plaintiff as the same person who was treated for syphilis by other physicians and also by a druggist, who filled prescriptions for her and who identified her upon the trial, and by the testimony of expert witnesses that the prescriptions which she procured to be filled were specific medicines for that disease. The certificate was the act of Dr. Kolb. If he had given it to the plaintiff it would clearly be admissible in evidence as bearing upon the credibility of his statement that he attended and treated the plaintiff for injuries resulting from the accident, and not for any other sickness; that she did not have syphilis, and that the certificate did not refer to her, no possible question could then arise as to its admissibility. In view of the character of the evidence developed upon the trial we think the same rule must apply as though it were admitted that he gave it to her. She was identified by witnesses as a person suffering from that disease; the physical results flowing from it could account for nearly all of the ailments described by Dr. Kolb. He gave important and, if believed, controlling testimony in favor of the plaintiff. The defendant, therefore, had the right to attack his credibility by any evidence proper for that purpose. When she was so closely connected with the physician and identified as the person who was receiving treatment for that complaint, it became a fair question to be submitted to the jury as bearing upon the force

and effect to be given to the testimony of Dr. Kolb as to whether or not the certificate which he made applied to and was for her. From the evidence and the circumstances surrounding the whole case, the jury, we think, were authorized to find that the physician gave to the plaintiff this certificate for some purpose, and, if they so found, its direct effect would be to weaken the force of the physician's testimony upon a vital question in the case. The difference in the name, the testimony of the physician that it did not apply to the plaintiff, were questions which the jury were to consider and pass upon in view of the identification which had been made of the plaintiff, as heretofore stated. Such certificate constituted a declaration inconsistent with the testimony of the witness given upon the trial, and was, therefore, competent. (*Beuerlien* v. *O'Leary*, 149 N. Y. 33; *Brooks* v. *Rochester R. Co.*, 156 id. 244.) The fact that it was in writing does not change the rule. (*Hare* v. *Mahony*, 14 N. Y. Supp. 81.) Under the circumstances of the case, the question was for the jury as to whether the certificate did in fact refer to the plaintiff.

It is claimed, however, that if the certificate was admissible, it was extended beyond any just or reasonable rule which authorized its reception, and that being received as bearing upon the credibility of the testimony of the physician was, in fact, used as affirmative evidence to establish that the plaintiff was suffering from the disease therein described. This view was claimed to be presented by a motion to strike from the record the certificate and for an instruction to the jury to disregard it altogether. The motion was denied, and, in reply thereto, the court stated: " I think I will leave it to the jury to say whether Dr. Kolb did make that certificate or not and whether it refers to anything connected with this case. Let the jury draw the inference from it under all the circumstances of the case." There was nothing in this statement showing that the court extended a consideration of the certificate by the jury to any enlarged or improper purpose beyond its bearing upon the credibility of the physician. On the contrary, it was left to the jury to say whether the certificate applied to the plaintiff or not. That was an issue presented by the testimony bearing thereon, and whether it referred to anything connected with the case the jury were to draw the inference. There was no motion made to limit the proof as bearing

upon the question of credibility.   The motion was to strike it out *in toto*.   The ruling denies that motion.   It was properly in the case for the limited. purpose, and, therefore, the motion was properly denied.   In any event, there is nothing in the language of the court to show that it was considered, or that the jury were authorized to consider it for any improper purpose.   We think, therefore, that the court committed no error in this regard.   The former decision of this case (78 App. Div. 413) does not at all discredit our present views.   The whole discussion of the prevailing opinion in that case related to permitting an impeachment of witnesses as to collateral matters, and the judgment was reversed because that had been permitted.   The question now presented is not collateral in any sense. It bore directly upon a vital issue, was offered in connection with the cross-examination upon such issue, and the only ground upon which it could be excluded was that it did not relate to the plaintiff. That question was for the jury.

The plaintiff contends that she should have been permitted to show that the physician did not keep records of cash patients, and that men and women called to consult him and receive prescriptions of which he made no record, and that persons suffering from syphilis frequently gave fictitious names.   The purpose of this testimony was to account for the giving of this certificate by the physician.   It was negative testimony and entirely collateral to that issue.   The question was whether he gave it to the plaintiff or not, and as to that fact he claimed to have absolute knowledge.   What other patients did, or what other persons called upon him, or what records he kept, or the delicacy of patients, had no bearing upon the question.   The testimony was, therefore, properly excluded.

The defendant called as a witness Edmund S. Parslow, who testified that he was a practicing physician; that he was acquainted with the plaintiff; that he had attended her professionally at his office and her house in the year 1898 about twice a week for two or three months.   This testimony was objected to by the plaintiff upon the ground that it violated section 834 of the Code of Civil Procedure. The objections were overruled and the plaintiff excepted.   Defendant then asked : " Q. Doctor, will you state to the jury whether or not she was suffering from syphilis ? "   This was objected to upon the same ground and the objection was sustained.   Another question

was if she had any outbreak of the disease, or eruptions, at the time when she came for treatment in 1898. This was objected to upon the same ground and sustained. The defendant then asked : " Q. I show you ten pieces of paper and ask you whether they are in your handwriting ? [Objected to as incompetent, irrelevant and immaterial. Objection overruled. Exception.] A. Yes, sir." The ten pieces of paper shown the witness were marked for identification. " Q. Have you treated syphilis, Doctor, syphilis cases ? [Objected to as incompetent, irrelevant and immaterial. Objection overruled. Exception.] A. Yes, sir." The witness was then asked whether iodide of potassium, ammoniated mercury, biniodide of mercury were prescribed for syphilis, and, under the same objection as the last, answered in the affirmative. He was then asked what drugs were used principally in the treatment of this disease and answered, over the same objection and exception, mercury and iodide of potash. He then described the combination of mercury and iodide and stated that it was likewise used for the same purpose. It is indisputable that the plaintiff interposed as an objection to the first class of questions that the testimony was not admissible under the statute, and such objection would have been good if any testimony had been elicited which disclosed any information the witness acquired in attending the plaintiff in his professional capacity or which was necessary to enable him to act in that capacity, but no such evidence was developed. On the contrary, the examination of the physician was limited to the identification of the plaintiff, to the fact that he treated her, the place and length of time during which such treatment continued. This disclosed nothing that she communicated to him, or he to her ; nor did the testimony have a tendency to develop any communication which he made to her, or the plaintiff to him. The evidence was entirely innocuous so far as any prohibition of the statute was concerned, and there was no infringement of it in respect to the answers given to these questions. When the defendant sought to develop what complaint the plaintiff was suffering from and his treatment of her for that complaint, the objection was sustained, so that the plaintiff suffered nothing on account of this testimony and no error was committed by the court. (*Edington* v. *Ætna Life Ins. Co.,* 77 N. Y. 564.) It subsequently developed in the course of the trial that the ten pieces of paper which were

exhibited to the physician and identified by him, were prescriptions which he had written and delivered to the plaintiff. The question called for an answer as to whether they were in his handwriting and he answered that they were. The objection interposed to this question was that it was incompetent, irrelevant and immaterial. There was not a suggestion, either to this question or any of the questions which followed, to which we have already called attention, to which the objection was interposed, that they were in violation of section 834 of the Code, or that the examination in anywise violated the provisions of that section. Consequently this objection was waived if it might have been insisted upon. An objection which specifies particular grounds is to be dealt with in respect of the grounds so stated. All others will be regarded as waived. (*Evanston* v. *Gunn*, 99 U. S. 660; *Merrick* v. *Hill*, 77 Hun, 30; *Brennan* v. *Hall*, 39 N. Y. St. Repr. 130; S. C., 131 N. Y. 160; Abb. Civ. Tr. Br. [2d ed.], 242, 243, 244.) The only testimony given by the plaintiff which might be held to fall within the prohibition related to the prescriptions. The testimony was intrinsically competent, as it bore upon the issue involved in the case. The only objection was the prohibition of the statute, but the plaintiff was bound to bring the case within the provisions of this section and in respect to such matter she bore the burden of showing that the statute applied in exclusion of the evidence. (*People* v. *Schuyler*, 106 N. Y. 298; *Stowell* v. *American Co-op. Assn.*, 23 N. Y. St. Repr. 706.) It is apparent, therefore, that the reception in evidence of the identification of the prescriptions by the physician was not erroneous, and whether such testimony was admissible or otherwise the court below was not required to pass upon it, as the statute was not insisted upon, and it cannot now be made available upon this appeal.

The defendant called as a witness John Wemer, a druggist, who testified that he knew the plaintiff; that he had filled prescriptions for her; identified the prescriptions made by Dr. Parslow and stated that he had filled them for the plaintiff. The prescriptions were then offered in evidence and the plaintiff objected upon the ground that they constituted a confidential communication of the physician who gave them, and were, therefore, inadmissible in evidence, and such objection was also urged to the testimony given by the witness. These objections were overruled, the evidence given by the

witness was received, as was also the prescriptions. It is now insisted upon that this was error. It is to be borne in mind that at common law the mouth of the physician was not closed as to any matters which were pertinent and competent upon the issue, the subject of investigation. And it is always competent for the patient himself to make disclosure of any matter which has been communicated by the physician. The prohibition of the statute relates to physician alone. It is his mouth that is closed (*Buffalo Loan, Trust & Safe Deposit Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450), and the physician's mouth is only closed as to communications necessary to enable him to act in a professional capacity toward the patient (*Hoyt* v. *Hoyt*, 112 N. Y. 493), and under the authorities we have already cited the obligation rests upon the plaintiff of showing a case which comes within the provisions of the statute in order that it may be made available. The prohibition of the statute does not extend to a druggist who fills physicians' prescriptions; nor does it preclude the patient who receives such prescription from divulging its contents and making it public property at will. When, therefore, the plaintiff, assuming that she did, took the prescriptions to the druggist to be filled and delivered them to him, so far as she is concerned in making that disclosure, the statute does not operate. Her act in this regard was voluntary and when she divulged the contents of the prescriptions to him, his mouth was not closed as to their contents, and the statute has no application to such a condition. The necessity of having physicians' prescriptions filled by druggists may furnish a reason for the Legislature to say that public policy will interpose to prevent them from making disclosure of the information thus obtained, but we are not now dealing with such question. It is enough now to say that the statute in question has no application to such a situation. Having parted voluntarily with the prescriptions by delivery of them to a third person, the plaintiff could not exclude the testimony offered from such a source. Therefore, no error was committed in receiving in evidence the testimony of the druggist and accompanying the same with the prescriptions which the plaintiff had delivered to him. Undoubtedly, the mouth of the physician would be closed, as he could at no time either authorize another or disclose himself any communications made to the plaintiff, whether oral or written. His certificate filed in a public office pursuant to

the requirements of a statute may not be given in evidence and is within the prohibition of the statute, as it remained at all times his communication of matter which he received in a confidential capacity, and is, therefore, inadmissible. Such is the case of *Davis v. Sup. Lodge, K. of H.* (165 N. Y. 159). This rule is without application to the present situation, for here the evidence was of a disclosure made by the plaintiff of the physician's communication to a third party, and that being her voluntary act, authorized proof of the matter disclosed; consequently, we find no error in this ruling. Evidence from experts to show that the prescriptions called for specifics for syphilis was also competent for the same reasons.

At the close of the charge the plaintiff requested the court to further charge that " Under the law, communications from a patient to a physician are privileged and cannot be given in testimony, except that the privilege be waived, and could have been waived in this case by the plaintiff, but her refusal to waive it does not warrant the jury in indulging in any inferences unfavorable to her or to her cause of action. She stood upon her legal rights, and because of doing so she cannot be prejudiced in the eyes of the jury. * * * The Court: I will charge you upon that subject in this way. The statute does for purposes of public policy, or such other as may have influenced the Legislature, say that a physician shall not be permitted to divulge information he obtained, and which was necessary to the treatment of the patient in his professional capacity. The law itself does not prohibit any inference being drawn from that, and I think that while you are not to raise any inference which is not justified under the evidence in the case, I shall decline to charge you that the law prevents you from drawing any inference whatsoever from the situation." It is insisted that the refusal to charge and the charge as made constituted error. We think the correct interpretation of the court's charge upon this subject is that the statute in terms did not prohibit any inference being drawn from the failure to permit a physician to testify. This was clearly a correct statement. There is nothing in the statute bearing upon such subject. That being the fact, the court stated that the jury were not justified in drawing any inference not warranted by the

evidence, and refused to charge that the law prohibits the drawing of any inference whatsoever from this situation. We think this was a correct statement of the law. It is elementary law that an unfavorable inference may be drawn from the act of a party in suppressing, concealing or destroying testimony, and the authorized inference is under such circumstances that the evidence if produced would be unfavorable to the party guilty of the act. It is also a general rule that an unfavorable inference may be drawn where a party has control of a witness, who could give material testimony, and refuses or omits to call him. The general rule with respect to all such matters is that a presumption arises that the party would not have done or omitted to do the particular thing if he could have derived benefit therefrom, and having it always within his power to do the act an inference unfavorable to him properly arises (*Gulf, C. & S. F. R. Co. v. Ellis,* 54 Fed. Rep. 481), and such rule was applied to the case of a physician who had been called by a party as a witness and had made an X-ray examination of certain bones which had been injured, but omitted to ask concerning the results of such an examination, and it was held that the defendant was entitled to a charge that the jury might assume from such omission that the physician's testimony if given would have been unfavorable to the plaintiff. (*Kane* v. *Rochester R. Co.,* 74 App. Div. 575.) The plaintiff calls our attention to the statutory rule (Code Crim. Proc. § 393) applicable to a defendant charged with crime, when failing to testify in his behalf. In such case it is the express language of the statute, "But his neglect or refusal to testify does not create any presumption against him." This statute is a striking commentary upon the situation. The Legislature was evidently impressed with the fact that an unfavorable inference would or might be drawn in the case of a defendant who omitted to testify in his behalf, and by express command it directed that no unfavorable inference could be drawn therefrom. The fact that the Legislature applied such rule to criminal actions, if any intent is to be gathered therefrom, is to the effect that in all other cases where it lies with the party to keep his own mouth closed, or the mouth of another, that such situation was to be left open for any inference which might arise therefrom, dependent upon the particular circumstances of the case whenever such rule should be invoked. The jury is always justified in taking

into consideration the attitude, appearance and acts of parties and witnesses upon a trial, and to deduce therefrom such inferences as fairly arise out of the given circumstances, and we see no reason why they may not also take into consideration an objection interposed which shuts out the introduction of testimony. We think, therefore, that the court was correct in its charge with respect to the authority of the jury in considering all of the circumstances. The jury was limited in drawing inferences, unless they were justified by the evidence in the case, and the court refused to charge that the law prevented them from drawing any inference whatsoever from the situation. We think, in view of the fact that section 834 of the Code of Civil Procedure is silent upon the subject, that the jury were not precluded from considering the entire attitude of the party, and drawing such inference therefrom as was fairly deducible from the situation which had been created. (*Carpenter* v. *Pennsylvania R. R. Co.*, 13 App. Div. 328; *People* v. *Hovey*, 92 N. Y. 554.) If, however, we should be wrong in this conclusion, we think there is another and fatal objection to the request to charge as made. The language of the request is, "Under the law, communications from a patient to a physician are privileged and cannot be given in testimony, except that the privilege be waived." This was too broad a statement of the law. The prohibition relates only to those matters which the statute covers. The statute only prohibits the physician from making disclosure of confidential information acquired in attending upon a patient, where the relation of patient and physician is established, and when the information was necessary to enable him to act in that capacity. When that relation is established all disclosure of matters relating thereto are privileged. It does not extend, however, to information acquired by the physician, unless such information was acquired for the purpose of enabling him to act in that capacity. (*Hoyt* v. *Hoyt*, 9 N. Y. St. Repr. 731; affd., 112 N. Y. 493; *Brown* v. *R., W. & O. R. R. Co.*, 45 Hun, 439; *De Jong* v. *Erie R. R. Co.*, 43 App. Div. 427.) The request to charge embraced all communications had between a patient and a physician. Clearly this is not the law, and the request was, therefore, too broad. We have examined all of the questions which were argued and presented upon this appeal. They are all substantially covered by the present discussion and need no further attention at

our hands. ' We conclude that no error is made to appear in the present record which requires a reversal of this judgment.

The judgment and order should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.