■ JULIA HENNESSEY , as Administratrix of the Estate of John L. Hennessey, Deceased, Appellant, v LONG ISLAND UNIVERSITY et al., Respondents.—In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered December 6, 1974, upon a jury verdict, in favor of defendants. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The questions of fact have been considered and we would not grant a new trial upon those questions. The decedent, a Burns detective guard assigned to the Long Island University campus building in Brooklyn, New York, on a Sunday afternoon when regular classes were not being held, walked into an open elevator pit, apparently in the belief that the unlit elevator car was there, and apparently after he had opened the shaftway door on the main floor. The elevator was equipped with an interlock device which, if working, would not have permitted the shaftway door to open if the elevator was not there, even if pressure or force were applied. The decedent's injuries caused his death two days after the accident. The verdict for the defendants by a vote of 5 to 1 was a general one. Although the evidence made it quite likely that the jury believed the decedent to have been contributorily negligent (despite the defendants' burden of proof on this issue), we cannot be certain of this. Since it is reasonably conceivable that the verdict was based upon the jury's conclusion that the defendants were not negligent, the exclusion of relevant, material and competent evidence tending to show negligence, or even tending to weaken the credibility of the defendants' expert witness, is a proper ground upon which to overturn the verdict and grant a new trial. On cross-examination, the expert witness called by defendant Haughton Elevator Company was shown a statement, on his stationery and bearing his signature, which included the following: "While we could find no fundamental faults with the elevator components in question as reported, our review of your office file indicated at the time of the accident the hoistway door set at the first floor landing had a defective and worn part which permitted the doors to be opened from the landing side with little effort." The "office file" referred to was that of the compensation carrier. Defendant Haughton argues that the statement was properly excluded because it was not truly contradictory of the witness's expert testimony; that, in effect, the initial portion of the sentence represented the expert's true opinion, and that the opinion expressed in the latter portion was merely that of "somebody else, whose name and capacity to judge are unknown", which the expert was merely noting and passing on to the receiver of the letter. Our reading of this letter convinces us that the latter portion was not the secondhand retailing of someone else's opinion; it appears to be the expert's final conclusion and thus should have been admitted into evidence (see CPLR 4514; *Matter of Port Auth. Trans-Hudson Corp. [Hudson & Manhattan Corp.],* 27 AD2d 32, 39; *Deutschmann v Third Ave. R.R. Co.,* 87 App Div 503). Its meaning could have been explored both on cross-examination and on redirect examination. Further, the colloquy, including statements by the trial court relating to the attempted admission of this letter, may well have given the mistaken impression to the jury that plaintiff's counsel (in the words of counsel for one of the defendants) had made a "deliberate attempt * * * to pull the wool over the eyes of this court and jury". Such colloquy may have tainted the jury's evaluation of the entire case. It was also improper to sustain an objection to plaintiff's cross-examination of this expert witness in the following regard: the witness had admitted that his examination of the main floor shaftway had revealed the fact that the glass

portion of the outer elevator doors had been painted with opaque paint and that, as a result, one could not look through those doors to see whether the elevator car was there. The trial court sustained an objection to the question as to whether the painting of the window was good practice. Defendant Haughton claims that such exclusion was proper because the stated issue was not a matter of expert opinion, but one within the experience and observation of laymen, from which they may draw their own conclusions, and cites the principle laid down in *Meiselman v Crown Hgts. Hosp.* (285 NY 389), to support such position. *Meiselman* and its progeny relate to the question whether expert evidence is necessary in such cases to present a prima facie case in malpractice; that is an entirely different matter. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.