(91 App. Div. 397.)

MURRAY v. HARBOR & SUBURBAN BUILDING & SAVINGS ASS'N.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. SPECIFIC PERFORMANCE—TENDER.

An offer in good faith to pay the purchase price being refused, is enough to authorize an action for specific performance; a tender or demand before suit affecting only costs.

2. SAME—DEFAULT IN PAYMENTS—WAIVER.

Though a contract for sale of land, the price to be paid in installments, provides that in case of default in payment for 30 days the vendor may terminate the contract, previous payments to be forfeited, yet irregular payments having been received, without objection, till $440 of the $800, with interest on the balance, is paid, the parties will be considered as treating time not of the essence of the contract; so that the vendor cannot terminate it, and prevent specific performance, without affording a reasonable time for performance.

Appeal from Special Term, Kings County.

Action by James B. Murray against the Harbor & Suburban Building & Savings Association for specific performance. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

¶ 1. See Specific Performance, vol. 44, Cent. Dig. § 295.

Alexander S. Bacon, for appellant.

Charles I. McBurney, for respondent.

HIRSCHBERG, P. J. By the written contract the defendant agreed to convey to the plaintiff certain real estate upon the payment of $800 in installments. In case of default in any of the stipulated payments for a period of 30 days the contract provided for its termination at the option of the defendant, and thereupon all payments previously made by the plaintiff were declared forfeited to the defendant as liquidated damages. The plaintiff made the required payments at the stipulated periods for about a year after the execution of the contract, and thereafter continued to make such payments at irregular intervals, until he had paid $440 in all, together with interest on the unpaid balances. Such payments were received by the defendant without apparent protest or objection, and the contract was treated by the parties as in full force and valid. On October 22, 1902, the defendant was offered on behalf of the plaintiff the unpaid balance of the purchase price, with interest, but refused to receive the same, alleging that it had elected to terminate the contract; and on the 24th day of October, 1902, written notice of such termination was given by the defendant to the plaintiff. The trial court found upon sufficient evidence that the defendant stated to the plaintiff, through one of its officers, during the period of default, that no advantage would be taken of the plaintiff's default in the making of the payments; that no notice of intention to declare a forfeiture of the contract was given by the defendant prior to the actual attempt at cancellation referred to in the written notice finally given as herein stated; and that the plaintiff was ready and willing to pay the purchase price upon receipt of a deed of the property. A judgment of specific performance was decreed.

The main point presented by the appellant upon the appeal relates to the sufficiency of the tender. The money was not produced and tendered to the defendant at the time the offer was made on the plaintiff's behalf to pay the amount of the unpaid purchase price, and the learned counsel for the appellant accordingly insists not only that an actual tender is an essential precedent to the maintenance of the action, but that the tender must be kept good by the payment of the money into court. The cases cited in support of the contention relate wholly to actions in which it is sought to destroy the lien of mortgages, and have no controlling application to the case at bar. In an action for specific performance a failure to make either a tender or demand before suit would affect only the question of costs. Stevenson v. Maxwell, 2 N. Y. 408; Bruce v. Tilson, 25 N. Y. 194; Freeson v. Bissell, 63 N. Y. 168. The offer to pay the purchase price made in good faith as established upon the trial was sufficient to put the defendant in default, and to justify a court of equity in relieving the plaintiff from the large loss which he would necessarily suffer from a forfeiture of the contract. The defendant could not terminate the contract, under the circumstances of the case, without first affording the plaintiff a reasonable time in which to perform. Cythe v. La Fontain, 51 Barb. 186; Toplitz v. Bauer, 161 N. Y. 325; 333, 55 N. E.

1059.  Clearly, as the parties have treated the contract, time was not of its essence.  It would be unconscionable to permit the defendant to keep both the money and the property.  The fact that the plaintiff had not strictly performed his part of the contract according to its precise terms, and so was without remedy at law, furnishes an adequate reason for the granting of equitable relief according to the actual merits of the case; and, the remedy by specific performance being discretionary, a court of review should not interfere with a judgment which grants the relief in a proper case where neither hardship nor injustice results to the defeated party.  Day v. Hunt, 112 N. Y. 191, 19 N. E. 414.  The judgment should be affirmed.

Judgment affirmed, with costs.  All concur.