(116 App. Div. 859)

### BARNETT et al. v. SUSSMAN.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

1. VENDOR AND PURCHASER—DEFAULT IN PAYMENT OF INSTALLMENTS—WAIVER BY VENDOR.

Where realty was sold under a contract providing for payment in monthly installments at regular stated periods, and that, on default in any payment, the vendor might, 30 days thereafter, elect without notice that all payments become forfeited to her as liquidated damages, the acceptance by the vendor from the beginning of payments not made ac

cording to the contract, but irregular as to time and amount, the purchaser being all the time in arrears, was a waiver of the forfeiture contract, which could not be revived, except on notice to the purchasers that, if they did not pay the balance due within a reasonable time specified, such forfeiture would then be exercised.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 158.]

2. SPECIFIC PERFORMANCE—EQUITABLE RELIEF—REMEDY IN LIEU OF SPECIFIC PERFORMANCE.

Where a vendor of land, after having waived right to forfeit sale for irregularity in payment of installments of purchase money, sold the land to another purchaser, the original purchaser was entitled to appropriate equitable relief in lieu of specific performance, where that had become impossible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 406, 407, 415, 416.]

Appeal from Special Term, Kings County.

Action by Jacob Barnett and another against Matilda Sussman for specific performance of a contract to sell real estate. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

John H. Kemble, for appellants.
George W. Schoonmaker, for respondent.

GAYNOR, J. The contract between the plaintiffs and the defendant was that the plaintiffs should pay the defendant $320 for four lots of land by paying $32 down and $20 a month thereafter. It was made June 22d, 1901. It contained a clause that on default in any payment the seller might 30 days thereafter elect without notice that all the payments become forfeited to her and belong to her as liquidated damages, and that thereupon the contract should terminate.

The plaintiffs paid $209 in all. The last payment was of $10 in September, 1903. . The payments were not according to contract, but irregular as to time and amounts from the beginning, the purchasers being all the time in arrears owing to illness and lack of work. The seller always accepted the payments, however, and thereby so far waived the forfeiture contract that she could not revive it, if at all, except by notice to the purchasers that if they did not pay the balance due• within a reasonable time specified such forfeiture would be then exercised. Harris v. Troup, 8 Paige, 423; Cythe v. La Fontain, 51 Barb. 186; Murray v. Harbor Ass'n, 91 App. Div. 397, 86 N. Y. Supp. 799; Cook v. Wardens, etc., 67 N. Y. 594; Day v. Hunt, 112 N. Y. 191, 19 N. E. 414; Toplitz v. Bauer, 161 N. Y. 333, 55 N. E. 1059.

The notice which the seller claims to have given—for it is not found by the trial court and is disputed that she gave any, the court's decision being based on the purchasers' defaults alone—was not of a forfeiture at all. To make the forfeiture she had to put herself in a position of strict right. The trial court should therefore have given the plaintiffs relief. The defendant claimed that she had sold the property to another for $950 after the plaintiffs' last payment, and therefore could not specifically perform. Even so, the judgment should

have been for some appropriate equitable relief in lieu, as that the defendant convey to the plaintiffs on payment of the balance due on the contract or else refund to them the amount they had paid; or that she account to them for the second sale, at all events if it were made in bad faith toward the plaintiffs, and the plaintiffs' defaults are excusable.

The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.