MARTIN v. BAUER.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. VENDOR AND PURCHASER (§ 182*)—CONTRACTS—CONSTRUCTION.

One agreeing by contract dated June 28, 1906, to pay for real estate in installments of $20 each month in advance, subject to the condition that, if default is made in two month's installments, his rights shall be changed from a purchaser in possession to those of a tenant by the month, must make payments on the first day of each month in advance, and on February 1, 1908, 20 monthly payments had matured, so that the making of only 18 payments before that date amounted to a default.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 182.*]

2. CONTRACTS (§ 303*)—NONPERFORMANCE—EXCUSE.

Where a party to a contract has so disabled himself as to make performance impossible, his conduct is equivalent to a breach of the contract, though the time for performance has not arrived, and such disability excuses further performance by the adverse party, who may treat it as an entire breach and recover accordingly.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1424–1433; Dec. Dig. § 303.*]

3. VENDOR AND PURCHASER (§ 186*)—NONPERFORMANCE—EXCUSE.

A vendor contracted to convey real estate on the payment of a specified sum in monthly installments by deed conveying the fee subject to two existing mortgages which the purchaser assumed. Before the payment of all the installments, an action to foreclose one of the mortgages was begun. Held, that the bringing of the action did not so disable the vendor as to make performance by him impossible, and the purchaser could not justify a failure to make payments of installments subsequently maturing, on the ground that the vendor could not perform.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 373; Dec. Dig. § 186.*]

Burr, J., dissenting.

Appeal from Municipal Court, Borough of Queens, Third District.

Action by Elizabeth Martin against William H. Bauer to recover payments made by plaintiff to defendant under the provisions of a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conditional contract for the purchase of real estate. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 133 App. Div. 893, 118 N. Y. Supp. 1123.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Robert McC. Robinson, for appellant.

James A. Gray, for respondent.

RICH, J. The appellant having a contract for the sale to him of several lots in Dunton Park, on June 28, 1906, entered into an agreement with the respondent by which he undertook, upon the payment of $1,895, with interest thereon at the rate of 6 per centum per annum, payable "one hundred dollars at the time of the ensealing and delivery of this agreement * * * and twenty dollars each and every month in advance," to deliver or cause to be delivered to her a deed conveying the fee of said lots, subject to two existing mortgages thereon which she agreed to assume. The monthly payments included principal and interest, and the taxes and insurance were to be paid by the appellant. The respondent entered into possession of the lots under said agreement on July 9th following its execution. She paid the $100 when the contract was executed, and commenced making the monthly payments on August 4th following. Each month thereafter she paid $20, down to and including the month of January, 1908. On February 5, 1908, she was served with a summons and complaint in an action brought to foreclose one of the mortgages upon the property, since which time she has not paid anything. She remained in possession of the property until September 28, 1908, when the purchaser at the sale in foreclosure ejected her therefrom. She has recovered in this action a judgment for all of the money so paid by her to the appellant. The record does not disclose the theory upon which the Municipal Court justice acted in rendering the judgment appealed from, and it is clearly apparent that it cannot be sustained.

By the terms of the agreement between the parties, $20 was to be paid each month in advance. This necessarily required such payments to be made on the first day of each month. The agreement is dated June 28, 1906. There had become due and payable under its provisions, on February 1, 1908, 20 monthly payments of $20 each, amounting to $400. Concededly the plaintiff had made only 18 payments, amounting to $360. The contract provided that if default was made in the payment of the monthly installments for two months the rights of the plaintiff were thereby changed from those of a vendee in possession to those of a tenant by the month only. The plaintiff had suffered such default before the foreclosure papers were served upon her, and at that time had lost her right of action against her vendor for the repayment of the money she had paid upon the contract. But if she had not been in default at that time she was not justified in thereafter refusing to make the monthly payments, yet she continued her default for six months thereafter before the sale in the foreclosure action was made.

Counsel for the respondent seeks to sustain this judgment under the familiar rule that, where a party to a contract has so disabled himself as to make performance impossible, his conduct is equivalent to a breach of the contract, although the time for performance has not arrived, and such disability excuses further performance by the other party, who may treat it as an entire breach, and recover accordingly. The difficulty with this contention lies in the fact that the record discloses no basis for the application of the rule. The commencement of a foreclosure action does not affect such result, for it does not disable a vendor to the extent of making performance by him impossible. At any time after the commencement of such action the defendant might have paid the mortgage and costs of the action, or he might have bid in the property at the sale. It was not until the title had vested in some other person through a deed given pursuant to the judgment in such action that the defendant was absolutely or legally disabled, and performance on his part rendered impossible; and until that time the duty devolved upon the plaintiff to continue the payment of her monthly installments if she wished to retain her right of action against her vendor, to recover the payments she had made upon her contract to him.

She was eight months in default when the property was sold, and the judgment of the Municipal Court must therefore be reversed, and a new trial ordered; costs to abide the event. All concur, except BURR, J., who reads for affirmance.

BURR, J. I dissent. Conceding that the fair construction of the contract was that the vendee named therein (the plaintiff here) should pay the sum of $20 on the first day of each and every month in advance, it appears that almost from the beginning payments have not been made on the very first day of the month, but have been made on subsequent dates, and have been accepted by the vendor. Two payments were made in January, 1908, the last one being for the month of December, 1907, so that on the 5th of February, 1908, when the foreclosure action was commenced, but two payments at the most were in arrears. This court is committed to the doctrine that under similar contracts of sale, where the payments were not according to contract, but irregular as to time and amounts, where the vendor accepted the payments, he thereby so far waived the forfeiture clause that he could not revive it except by notice to the vendee that, if he did not pay the balance due within a reasonable time specified, such forfeiture would then be exercised. Barnett v. Sussman, 116 App. Div. 859, 102 N. Y. Supp. 287. There is no pretense that any notice was given. Moreover, the contract provides that default must be made in payment of the installments for two months to forfeit the contract, and then the remedy given to the vendee is to change the relation from that of vendor and vendee to that of a monthly tenancy, giving the party the right to proceed by summary proceedings. No such proceedings were instituted, which would be affirmative evidence that the vendor did not intend to terminate the contract. I think that the commencement of an action in foreclosure, unexplained by the

vendof, was sufficient notice to the vendee that he was unable to perform his contract of sale to her. When that action terminated in a judgment under which the vendee lost possession of the property, that judgment would relate back to the time of the commencement of the action, and the court should have held that the contract was broken by the vendor at that time. If strict performance of the contract by the vendee was waived, as the case above cited would seem to hold, and the contract was broken by the vendor on the 5th of February, 1908, plaintiff was entitled to maintain this action and recover back the money that she paid.