MARGARET A. CHURCH, Respondent, v. JAMES BOURNE, Appellant.

(County Court, Onondaga County, March, 1913.)

Payments — acceptance of a past due payment — made in accordance with contract.

Vendor and purchaser — contract for sale of real estate — payments on contract — action for breach of contract.

> By the acceptance of a past due payment the party making it is placed in precisely the same position, so far as the termination of the contract is concerned, as though the payment was made in accordance therewith.
>
> Where, by a contract for the sale of a lot owned by defendant for the agreed price of $500, to be paid in semi-annual payments of $50 each from the date of the contract together with interest and taxes, plaintiff made payments from time to time but was in arrears in the amounts, and defendant continued to receive payments the last of which, made nearly three years after the date of the contract, made a total of $252 paid on the purchase price, and about a year thereafter defendant conveyed the lot to a third person, plaintiff's damages in an action for a breach of the contract are to be determined by giving her credit for the value of the lot as found by the jury, under the charge of the court, and charging her with the unpaid purchase price with interest on sums unpaid and the amounts paid by defendant for taxes and sidewalk.

APPEAL from a judgment of the Municipal Court of the city of Syracuse in favor of the plaintiff for $292.28 damages, together with costs, entered upon a verdict of a jury.

Thompson, Woods & Woods, for appellant.

Hancock & Spriggs, for respondent.

Ross, J.   This action was brought to recover damages for an alleged breach of contract.  On or about March 28, 1907, the parties entered into a contract for the sale by the defendant, and purchase by the plaintiff, of a vacant lot on Hudson street, Syracuse, owned by the defendant, at the

agreed price of $500. The plaintiff was to pay this amount in semi-annual payments of $50 each, beginning at the date of said contract, together with the interest and taxes. There was some question about the liability of the plaintiff for taxes, but it was assumed upon the trial below that she was liable and is not here for review. The plaintiff made payments from time to time but was in arrears in the amounts; the defendant continued to receive payments, the last payment being made October 21, 1909, of $60 which made a total of $252 which the plaintiff paid.

It is claimed by the plaintiff that her daughter, on her behalf, in September, 1910, made an offer to the defendant to make a payment of thirty-six dollars on the lot at which time she claims Mr. Bourne told her the lot was sold. Mr. Bourne denied that Mrs. Horton, the daughter, offered to pay him thirty-six dollars or any amount, but at that time the plaintiff had sold the lot to a third party, which sale was consummated by a deed to Miss Gertrude J. Olcott dated September 28, 1910.

Upon the trial of the case, and upon the argument of the appeal there has been a good deal of loose talk about the plaintiff being in default. She was in default to the extent that the defendant after a reasonable notice could have brought an action at law to recover the balance due on the contract, or in equity to foreclose his lien, but she was not in default in the sense that she had lost her rights under the contract. The defendant when he accepted a past due payment, placed her in precisely the same position so far as the termination of the contract was concerned as though she had made the payments according to the terms thereof. As stated in Harris v. Troup, 8 Paige, 427: " But it was certainly inequitable in this case after the vendors had waived the forfeiture from time to time, by receiving portions of the purchase money long after the sum was due and payable, to suddenly stop short and insist upon a forfeiture without any previous intimation that they intended to do so." Barnett v. Sussman, 116 App. Div. 859; Toplitz v. Bauer, 16 N. Y. 333. The foregoing cases are stronger than the case at bar, because in those cases there was a

provision for a forfeiture; in this case there is no such provision. If the defendant could without an action at law, or in equity, or even without notice, terminate all rights of the plaintiff under the contract even without informing her of the fact of such termination, when half of the contract price has been paid he would have the same right, however small a sum remained unpaid, and notwithstanding any proof the plaintiff might possess of extension of time or of a waiver of strict performance.

The failure of a party to a contract does not put an end to the contract, so as to make it void. It gives the other party the right to rescind it or to waive the default and continue it in force. "A party who has received part of the purchase money, and gives indulgence after default, and thereby waives it, may nevertheless put an end to the waiver and make time material, by demand of payment and notice of intended rescission; and ordinarily some such affirmative act would be necessary to take advantage of the default. Such a course is not only dictated by an equitable spirit of fairness in dealing, but is in accordance with the usual course of trade in this country, in reference to which the parties may well be supposed to contract." Scarborough v. Arrant, 25 Tex. 136.

The case of Davison v. Associates of Jersey Co., 71 N. Y. 333, cited by the appellant, is in harmony with the foregoing doctrine. See page 338. The cases cited by the appellant, of which Ketchum v. Evertson, 13 Johns. 358 is a type, and in which is stated in the opinion of Mr. Judge Spencer on page 365: " It may be asserted, with confidence, that a party who has advanced money, or done an act in part performance of an agreement, and then stops short, and refuses to proceed to the ultimate conclusion of the agreement, the other party being ready and willing to proceed and fulfill all his stipulations, according to the contract, has never been suffered to recover for what has been thus advanced, or done " are not in conflict therewith.

If the plaintiff had been put in default either by the insistence of the defendant upon the performance of the conditions on her part to be performed, or by affirmative action

on his part upon her subsequent failure to perform, the cases would be in point; otherwise, under the facts in this case.

The appellant cites the case of Keefe v. Fairfield, 184 Mass. 334. The facts in that case distinguish it from the case at bar. I quote from the opinion on page 336: " There is nothing in the bill of exceptions to show performance, or an offer of performance of the contract by the plaintiff, and so far as appears the defendant would at any time have received the balance due upon the contract and have given a deed, waiving the plaintiff's delay, if the plaintiff had been ready to pay the balance due." If in the case under consideration it appeared that the defendant was ready at any time to receive the balance due on the contract, and that the plaintiff never tendered it, and then brought this action, that case would be in point.

It is not necessary that the plaintiff should offer to pay the balance of the purchase price as the defendant had put it out of his power to perform. Smith v. Rogers, 42 Hun, 110; affd., 118 N. Y. 675.

On the question of damages. The plaintiff could have taken either one of two positions. *First,* sued for a breach of contract. This is the position which he took in his complaint and is the theory upon which the court submitted the case to the jury, in which case the measure of damages would be determined by giving the plaintiff credit for the value of the lot which was found by the jury and charging her with the unpaid purchase price, the interest on sums unpaid and amounts paid for taxes and sidewalk by defendant.

The second position which the plaintiff might have taken was to repudiate the contract and to sue for moneys paid as upon a failure of consideration, in which case the measure of damages would be the amount paid, $252, and interest thereon from the time of the various payments. As nearly as I can estimate there is no substantial difference in the result.

The appellant is mistaken in his statement that the trial court allowed interest upon the increased value of the property found by the jury. Under the charge of the court the jury had the right to find for the plaintiff: *First,* the

plaintiff's equity in $252 paid less interest on sums unpaid; taxes, etc., being a balance of $118.11. *Second,* interest on that amount from September 28, 1910, approximately $14.16; difference in value of property, $160; total, $298.27; amount of verdict, $292.28. The sum of $118.11, what the court termed the plaintiff's equity, is only another way of figuring upon the basis heretofore stated of giving the plaintiff credit for the value of the lot and deducting therefrom the amounts unpaid and interest thereon.

Judgment affirmed, with costs.