PETER G. TEN EYCK, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, v. JAMES D. LOMBARD, Defendant. (No. 1.) *

Supreme Court, Trial Term, Albany County, March 31, 1937.

*Milo R. Kniffen* [*Robert G. Blabey* of counsel], for the plaintiff.

*Blumberg & Conley*, for the defendant.

SCHIRICK, J. This is a suit for an injunction restraining the defendant from dealing in milk. The cause was tried before this court at Equity Term, without a jury. At the end of the plaintiff's

* See 162 Misc. 519.

case the defendant moved to dismiss the complaint " upon the ground that it clearly appears from the evidence produced by the plaintiff that they have wholly failed to make a cause of action for a permanent injunction." The court reserved decision upon this motion, and the defendant rested. After recess, the court granted the defendant's motion, reading the following statement into the record: " In the decision of this motion the Court does not deem it necessary to pass upon the constitutionality of Article 21 of the Agriculture and Markets Law. The motion for a nonsuit is granted upon the sole ground that the plaintiff has failed to prove facts sufficient to constitute a cause of action."

This is an application to the court to make a decision containing findings of fact and conclusions of law. The plaintiff opposes any findings.

If the action of the court in dismissing the complaint be deemed a nonsuit, findings are unnecessary and perhaps even improper. (Civ. Prac. Act, § 441; *McNulty Brothers* v. *Offerman*, 141 App. Div. 730; *Dillon* v. *Cortland Baking Co.*, 224 id. 303; *Kling* v. *Corning News Co.*, 208 N. Y. 334.) If, on the other hand, the decision was upon the merits, findings are necessary. (*Aufiero* v. *Aufiero*, 222 App. Div. 479.) The issue upon this application is, therefore, whether the dismissal was a nonsuit only or a determination upon the merits.

Section 482 of the Civil Practice Act provides that where the complaint is dismissed before the close of the plaintiff's case it is deemed to be not upon the merits. Where the dismissal occurs after the plaintiff has rested, it is deemed to be upon the merits. In either case, the presumption is subject to the direction of the trial court.

Whether a dismissal at the close of the plaintiff's case is a nonsuit or a determination upon the merits is a point attended with much difficulty. (See 4 Wait's N. Y. Practice, p. 224.) Sometimes the defendant may be satisfied with the evidence of the witnesses produced by the plaintiff and be content to rest his case upon such testimony, feeling that it has established his own case. A decision upon a motion to dismiss the complaint under such circumstances will be deemed to be upon the merits. (*Keyes* v. *Smith*, 183 N. Y. 376.) This may also occur where the defendant proves his case by making the plaintiff's witnesses his own upon cross-examination. (*Griffin* v. *Mechanics & Traders' Bank*, 61 App. Div. 434.) It may also occur where the sole issue is one of the construction or interpretation of written documents which the plaintiff has produced. (*Deeley* v. *Heintz*, 169 N. Y. 129.)

These cases are not, however, the rule. In most instances, dismissals at the end of the plaintiff's case are deemed nonsuits for failure of proof only. (See *Molloy* v. *Whitehall Portland Cement Co.*, 116 App. Div. 839; *Kling* v. *Corning News Co.*, *supra;* *Ware* v. *Dos Passos*, 162 N. Y. 281; *Place* v. *Hayward*, 117 id. 487; *McNulty Brothers* v. *Offerman*, *supra.*)

As was stated in *Martin* v. *Cook* (14 N. Y. Supp. 329): " Where a complaint is dismissed for failure of proof, the dismissal is not upon the merits. * * * It is only where a *prima facie* case is made out, and proof offered to rebut it, that the merits are involved."

In the case at bar the decision was made solely upon the ground that there was insufficient proof to establish a cause of action. This the court made clear when it stated that it was granting a nonsuit. The defendant did not renew his motion after resting. Nor does he claim that the plaintiff's evidence in any way affirmatively established that the defendant did not require a license.

The action of the court must be deemed merely a nonsuit. The application for findings is, therefore, denied.