PETER G. TEN EYCK, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* JAMES D. LOMBARD, Defendant. (No. 2.)*

Supreme Court, Special Term, Albany County, March 31, 1937.

---

*Milo R. Kniffen* [*Robert G. Blabey* of counsel], for the plaintiff.

*Blumberg & Conley*, for the defendant.

SCHIRICK, J.   This is a motion to dismiss the amended complaint, pursuant to rule 107 of the Rules of Civil Practice, upon the ground that there is another action pending between the same parties for the same cause.

The other action referred to was started on January 19, 1936. The complaint stated that at all times since April 1, 1935, the defendant had acted as broker or agent in the sale of milk without a license.   It further alleged that according to the provisions of the Agriculture and Markets Law the current license year began April 1, 1935, and ended March 31, 1936.   The complaint sought a permanent injunction.

That action came to trial in November, 1936, and resulted in a nonsuit.   After the trial of that action but before judgment had been entered and before the court had passed upon a motion for findings, this action was commenced.

The amended complaint in the present action alleges that the defendant has at no time secured a milk dealer's license, yet " continues to act within the State of New York as agent for various milk dealers   *   *   *   and continues to deal in or handle or sell or distribute milk as agent for or on behalf of various milk dealers without the license required by Article 21 of the Agriculture and Markets Law."   Like the previous action, it seeks a permanent injunction.

The first action was based upon alleged acts of the defendant in violation of the statute during the license year 1935 to 1936. That action was nonsuited because the plaintiff failed to show any acts during that year which constituted the defendant a milk dealer or agent.   Evidence of acts of the defendant at any time other than the license year was strenuously objected to by counsel for the defendant.

The present action, on the other hand, is based upon acts of the defendant alleged to have been committed during the license year 1936 to 1937.   While the defendant may not have required a license because he was not a milk dealer in 1935 to 1936, he may require a license now because his acts at present bring him within the statute.   The law requires a new license each year.   (Agriculture and Markets Law, § 258.)

Under these circumstances, the two actions cannot be said to have been brought for the same cause, and the motion must be denied.

Nor is the defendant appreciably prejudiced by this decision. The court has held the judgment in the prior action to have been a nonsuit merely, and not on the merits (162 Misc. 517). A nonsuit is no bar to a subsequent action. (*Merrick* v. *Hill*, 77 Hun, 30.) The issue upon this motion is merely whether the plaintiff should be forced to discontinue and renew his action by the service of a new summons. This, in the opinion of the court, the law does not force the plaintiff to do.

Motion denied.