## (May 23, 1961)

■ HARRY KLEIN, Appellant, v. CAPRI EQUITIES, INC., Respondent.— Judgment affirmed, with costs to respondent. Concur — Stevens, Steuer and Bergan, JJ.; McNally, J. P., and Eager, J., dissent in part in the following memorandum by Eager, J.: I dissent insofar as the court would affirm the judgment dismissing the complaint in Action C, which action is brought for specific performance of a contract of sale of the premises at 240 East 83rd Street, New York City. In my opinion, the plaintiff made out a prima facie case in this action, and he should not have been nonsuited. I concur, however, in the affirmance of the judgment dismissing the complaint in Action B. It was not necessary or proper for the trial court, on the dismissal at the close of plaintiff's case, to make and file formal findings of fact and conclusions of law. (See Civ. Prac. Act, § 441; *Ten Eyck* v. *Lombard,* 162 Misc. 517; *McNulty Bros.* v. *Offerman,* 141 App. Div. 730, 732.) The sole question was whether or not the plaintiff-appellant made out a prima facie case. Certainly, where, as here, the evidence in the record at the close of plaintiff's case in Action C, or reasonable inferences therefrom, would support a judgment for him, it was error for the trial court to close the case and to pass upon and make findings upon disputed issues of fact and, on basis thereof, dismiss the complaint. (*Reed* v. *Depo,* 11 A D 2d 898.) Under the circumstances, the findings

of fact are to be disregarded. The contract for the sale by defendant of the premises at 240 East 83rd Street was in writing and contained the specific provision that it "alone fully and completely expresses their [the parties'] agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other." On the face thereof, this contract was a single and complete contract, and there was nothing on the face thereof to indicate that its validity and enforcibility depended upon the validity or performance by the plaintiff of the certain other and separate alleged contract to purchase the premises at 308 East 85th Street. Furthermore, it appeared that the defendant retained the downpayment of $6,000 under this contract, thereby indicating prima facie his election to stand by it. The alleged failure of plaintiff to make a proper tender did not entitle defendant to a nonsuit, this being an action in equity for specific performance. In the first place, on the record as it existed at close of plaintiff's case, it would appear immaterial that the certified checks present on the closing were made payable to a third person. Such person was present to indorse the checks and it does not appear that the defendant objected to the checks upon the ground that they were payable to the third person. Therefore, defendant waived the failure of the plaintiff to tender cash, or a certified check made payable to defendant or to the plaintiff and indorsed to defendant. (See *Mitchell* v. *Vermont Copper Min. Co.*, 67 N. Y. 280, 282.) In any event, this being an action in equity for specific performance the tender of the purchase price is not necessarily a condition precedent to suit. (See *Murray* v. *Harbor & Suburban Bldg. & Sav. Assn.*, 91 App. Div. 397, 399, affd. on opinion below 184 N. Y. 596.) Under all the circumstances, the court should have put the defendant to his proof in Action C and then disposed of the issues on the close of the entire case.